UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEON LIPSCOMB, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-1383 |
| ) | |
| RODNEY ALFORD, ) | |
|     Defendant. ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Keon Lipscomb, an inmate at Joliet Treatment Center.

I.    **Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

The events Plaintiff describes occurred during his incarceration at Pontiac Correctional Center ("Pontiac"). In August 2024, Plaintiff arrived at Pontiac with a double-cuff permit issued by Menard Correctional Center because of sciatic nerve damage and a torn rotator cuff. Plaintiff informed a nurse of his conditions and permit, but the nurse informed Plaintiff that Pontiac would not honor his double-cuff permit until Defendant Alford examined Plaintiff.

Defendant Alford examined Plaintiff in September 2024. Plaintiff explained his medical conditions and the previously issued double-cuff permit. Alford scheduled an X-ray on Plaintiff's rotator cuff and told Plaintiff that, if warranted, he would issue Plaintiff a double-cuff permit. Plaintiff claims that Alford told him the X-ray would be taken "in a few months[,]" but until then, Plaintiff would "just have to deal with the pains and suffer being" placed in restraints that require his hands behind his back. (Pl. Comp., Doc. 1 at 3.) Plaintiff requested that Alford increase his pain medication to three times daily, which Alford denied, telling Plaintiff that he will not adjust the dosage until he reviews Plaintiff's X-rays. (*Id.*)

On October 3, 2024, Plaintiff's narcotic pain medications expired. Plaintiff asked the nursing staff regarding renewing the prescriptions but was told that Defendant Alford was aware that Plaintiff's prescriptions had expired. Plaintiff claims that Alford had neither issued a double-cuff permit nor renewed his prescription medication.

**C. Analysis**

Inmates are entitled to adequate medical care under the Eighth Amendment.

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail on a claim of inadequate medical care, an inmate must show the prison official was deliberately indifferent to a serious medical need. *Id*. at 106. The deliberate indifference standard requires an inmate to satisfy a substantial threshold to support a cruel and unusual punishment claim under the Eighth Amendment. *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). "[A] claim based on deficient medical care must demonstrate two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011).

An objectively serious medical need is one that a physician has diagnosed as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). To satisfy the subjective component, a plaintiff must show "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"Claims of deliberate indifference to medical needs are examined differently depending on whether the defendants in question are medical professionals or [laypersons]." *McGee v. Adams*, 721 F.3d 474, 481 (7th Cir. 2013). Treatment decisions made by medical professionals are presumptively valid. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). "A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so

responded under those circumstances." *Jackson v. Kotter*, 541 F.3d 688, 698 (7th Cir. 2008). "When a medical professional acts in his professional capacity, he may be held to have displayed deliberate indifference only if the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *McGee*, 721 F.3d at 481 (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). "Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference claim against Defendant Alford. However, the Court cautions Plaintiff that the date he states he entered Pontiac and the date he filed his Complaint leaves little time to fully exhaust his administrative remedies, which is a mandatory prerequisite to filing suit in federal court. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (concluding that a plaintiff's failure to exhaust administrative remedies will result in the forfeiture of his claims). However, the Court will permit Defendant Alford to raise this affirmative defense if warranted. *See O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("[A]lthough a plaintiff need not anticipate or overcome affirmative defenses such as those based on the statute of limitations, if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground.").

**IT IS THEREFORE ORDERED:**

1) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. §**

    1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendant Alford. Plaintiff's claim against Alford proceeds in his individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Alford has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the

      **Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

7) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

8) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

9) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

10) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

11) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED October 15, 2025.

                                                   s/ *Colleen R. Lawless*
                                           _____
                                               COLLEEN R. LAWLESS
                                        UNITED STATES DISTRICT JUDGE